IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YESHUA KAHLIL-JAMES SCHWORCK,

                        Plaintiff,

  v.

DEPUTY GABRIEL BOSBEN,

                        Defendant.

OPINION and ORDER

24-cv-597-jdp

---

Plaintiff Yeshua Khalil-James Schworck, proceeding without counsel, alleges that a deputy at the Dane County Jail, defendant Gabriel Bosben, touched him inappropriately under the guise of conducting a urine test. Schworck is proceeding on a Fourteenth Amendment conditions-of-confinement claim for damages.

Bosben moves for summary judgment. Dkt. 32. Schworck did not respond to the motion, which means that the court will accept Bosben's proposed facts as undisputed. Schworck testified during his deposition that Bosben briefly squeezed his penis with two fingers and a thumb. Bosben didn't propose facts that would contradict Schworck's testimony. That testimony, if believed, would support a reasonable jury finding that Bosben committed that conduct for an illegitimate purpose. I will deny Bosben's motion. Because Schworck didn't respond to Bosben's motion, I will order Schworck to notify the court whether he intends to continue this case.

UNDISPUTED FACTS

Schworck did not respond to Bosben's motion for summary judgment even though the court twice extended his deadline to respond. Dkt. 39 and Dkt. 44. I will accept Bosben's

proposed facts as undisputed. *See Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 349 (7th Cir. 2020) (stating that all litigants must comply with the court's orders and rules); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission."). But I note that Bosben's proposed facts mostly consist of Schworck's deposition testimony, material parts of which are unfavorable to Bosben's motion. Bosben did not submit his own declaration.

With that background, the following facts are undisputed.

Schworck was being held at the Dane County Jail (DCJ) as a pretrial detainee when the events at issue occurred. On August 15, 2022, deputies entered Bosben's cellblock because they smelled smoke. The deputies decided that each prisoner in the cellblock would have to provide a urine sample. Under DCJ policy, urinalysis may be conducted when investigating suspected drug use. If deputies believe that drugs are being distributed or used by prisoners in a cellblock, DCJ policy requires all prisoners in that area to submit urine samples.

Some prisoners provided urine samples on August 15. But other prisoners, including Schworck, refused to provide samples, prompting deputies to collect the remaining samples the next morning. Bosben was responsible for collecting Schworck's urine sample on August 16.

DCJ policy establishes mandatory procedures for collecting urine samples. Prisoners remain inside their cells while the deputy stands outside the cell to observe, and the deputy must be of the same gender as the prisoner who provides the sample. The deputy must stand in a position that reasonably allows him to detect any attempt to tamper with the sample. If the deputy believes that a prisoner is tampering with a sample, DCJ policy allows the deputy to enter the prisoner's cell to investigate.

Initially, Schworck handed Bosben the specimen cup and stood outside his cell to observe. Schworck walked to his toilet and lowered his pants, but he said that he could not urinate because it was too early. Schworck's body was angled away from the cell bars so that Bosben could not see his genitals.

It was taking a while for Schworck to urinate, so Bosben entered his cell and moved toward the toilet. Bosben asked Schworck if he was tampering with the urine sample by putting something into it. Turning away from Bosben, Schworck responded that he still could not urinate.

That behavior made Bosben suspicious, so he continued to ask Schworck what he was doing. Schworck stated during his deposition that, at that time, he was holding the cup with his penis inside, and that Bosben reached toward the cup and contacted it. Dkt. 36 ¶ 44. Schworck also stated that he pushed Bosben's hand away from the cup and tried to pull the cup away, but that the cup was pushed out of his hands. *Id.* ¶ 45. As he and Bosben fumbled over the cup, Schworck testified that Bosben's other hand contacted his penis and, using two fingers and a thumb, briefly squeezed it. *Id.* ¶ 46.

Schworck admitted during his deposition that the entire sequence, starting with Bosben's contact with the cup, lasted three to four seconds. *Id.* ¶ 47. Bosben left Schworck's cell without obtaining the sample. Later that morning, another deputy collected Schworck's sample, which was negative.

ANALYSIS

To prevail on a Fourteenth Amendment conditions-of-confinement claim, Schworck must show that: (1) Bosben engaged in intentional conduct or made an intentional decision

3

about the conditions of his confinement; and (2) Bosben's conduct or decision was objectively unreasonable in the circumstances. *See Est. of Sillah by Carter v. City of Madison*, No. 23-cv-96-jdp, 2024 WL 4650945, at *9 (W.D. Wis. Nov. 1, 2024). To prevail on his motion for summary judgment, Bosben must demonstrate that the material facts are undisputed and that he is entitled to judgment as a matter of law. In evaluating a motion for summary judgment, the court will view the evidence in the light most favorable to the non-moving party, here Schworck. The court draws all reasonable inferences in Schworck's favor. *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 457 (7th Cir. 2020).

The first element of Schworck's claim "requires proof only that [Bosben] made an intentional decision about [Schworck's] conditions." *Sillah*, 2024 WL 4650945, at *9. If Schworck proves that Bosben "acted intentionally, then the analysis moves on to whether a reasonable officer under the circumstances would have engaged in that conduct or made that decision." *Id.*

On the second element, the issue is whether Bosben's actions were objectively unreasonable. That question "must be determined in light of the totality of the circumstances." *See Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). As a general rule, a prison official's actions are objectively reasonable if they serve a legitimate penological purpose and are not excessive in relation to that purpose. *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019); *Wood v. Johnson*, No. 19-cv-619, 2022 WL 4121405, at *4 (E.D. Wis. Sept. 9, 2022), *aff'd sub nom. Wood v. Milwaukee Cnty.*, No. 22-3030, 2023 WL 5348344 (7th Cir. Aug. 21, 2023). "Deference must be accorded to prison administrators in the adoption and execution of policies and practices that are needed to preserve order and ensure institutional security." *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019). A prison official acts in an objectively

unreasonable manner if, against a pretrial detainee's will, the official touches the detainee's private parts with the intent to humiliate him or to gratify the official's sexual desires. *Cf. Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). I will consider both elements, intentional conduct and objective reasonableness, together because, in the context of this case, they turn on mostly the same considerations.

Schworck says, and Bosben hasn't directly disputed, that Bosben briefly squeezed his penis with two fingers and a thumb. Bosben contends that his contact with Schworck's penis was incidental to the legitimate purpose of investigating whether he was tampering with his urine sample, but Schworck describes more than mere incidental contact. Schworck acted suspiciously during the urine sample collection and resisted Bosben's efforts to see if he was tampering with the sample. That would justify Bosben's closer inspection and even physical contact. But it's reasonable to infer that squeezing Schworck's penis with two fingers and a thumb was both intentional and an unreasonable response to the situation. Schworck's testimony that Bosben squeezed his penis supports a reasonable finding that Bosben intentionally committed that conduct for an illegitimate purpose.

Bosben contends that Schworck waived any challenge to whether he violated the Fourteenth Amendment by failing to respond to his motion. Dkt. 40 at 3. This is incorrect. As a consequence of Schworck's failure to respond to the motion for summary judgment, the court has deemed Bosben's proposed facts as undisputed. But a nonmovant's failure to respond to a summary judgment motion, or to comply with a court's summary judgment procedures, does not automatically result in judgment for the moving party. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The ultimate burden of persuasion remains with Bosben to show that he is entitled to judgment as a matter of law. *Id.*

5

Bosben argues that under the principles of *Smith v. Turner*, 834 F. App'x 261 (7th Cir. 2021), he did not violate Schworck's Fourteenth Amendment rights. In that case, the district court had granted summary judgment to the defendants on the plaintiff's Fourteenth Amendment claim based on unwanted touching of his private parts; the court of appeals affirmed. *Id.* at 262. But *Smith* is distinguishable because there the defendants submitted video footage and other evidence showing that the plaintiff concealed contraband in his underwear and that any contact with his private parts was incidental to their search for the contraband. *See id.* at 262–64. Here, by contrast, Bosben's summary judgment motion relied primarily on Schworck's deposition testimony, material parts of which suggest that he touched Schworck's penis for an illegitimate purpose. Bosben does not adduce any evidence that definitively refutes Schworck's testimony. The guiding principle of *Smith*—that the court may disregard testimony that is definitively contradicted by other evidence—does not apply here.

Bosben also contends that, even if he violated the Fourteenth Amendment, he is entitled to qualified immunity. Qualified immunity shields state actors from liability where their conduct does not violate clearly established constitutional rights. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 620 (7th Cir. 2022). The issue, as relevant here, is whether the right that Bosben violated was clearly established at the time of the violation. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (per curiam). "A right is clearly established where it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 620 (7th Cir. 2022). In deciding whether the right was clearly established, courts may consider controlling precedent from the court of appeals. *Est. of Escobedo v. Bender*, 600 F.3d 770, 781 (7th Cir. 2010).

The court of appeals established no later than 2012 that touching a prisoner's private parts for an illegitimate purpose violated the Eighth Amendment's prohibition on cruel and unusual punishment. *See Hively*, 695 F.3d at 642–43. *Hively* involved the Eighth Amendment, but "[t]he Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). So when, according to Schworck, Bosben squeezed his penis, every reasonable deputy would have understood that this conduct was objectively unreasonable. I will deny Bosben's claim to qualified immunity because it turns on the core factual dispute.

CONCLUSION

I am denying Bosben's summary judgment motion. To help Schworck prepare for trial, the court will soon issue a trial preparation order that provides detailed information about how trial works and how Schworck should prepare. Schworck should review the trial preparation order carefully and notify Bosben's counsel or the court if he has specific questions about preparing for trial.

Schworck's failure to respond to Bosben's motion for summary judgment may indicate that he no longer wishes to prosecute this case. I will also give Schworck a short time to notify the court whether he intends to prosecute this case going forward. If he doesn't respond by the deadline below, I will dismiss the case with prejudice for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Defendant Deputy Gabriel Bosben's motion for summary judgment, Dkt. 32, is DENIED.

2. Plaintiff Yeshua Kahlil-James Schworck may have until February 20, 2026, to notify the court whether he intends to prosecute this case further. If Schworck does not respond by this deadline, I will dismiss the case with prejudice for failure to prosecute.

3. Counsel for Bosben is directed to work with officials at Green Bay Correctional Institution to ensure that Schworck immediately receives a copy of this order, and to file prompt notice of completion of this task.

Entered February 13, 2026.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge