IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YESHUA KAHLIL-JAMES SCHWORCK,

                      Plaintiff,

  v.

DEPUTY GABRIEL BOSBEN,

                      Defendant.

ORDER

24-cv-597-jdp

---

Plaintiff Yeshua Kahlil-James Schworck is proceeding on a Fourteenth Amendment conditions-of-confinement claim against defendant Deputy Gabriel Bosben based on the allegation that Bosben inappropriately touched Schworck while administering a urine test. Dkt. 17. The court recently denied Bosben's motion for summary judgment, and the case is scheduled for trial on April 13, 2026.

The court denied Schworck's previous request for court assistance in recruiting counsel. Dkt. 44. Schworck renews that request now that the case is proceeding to trial, and he says that he may be willing to settle the case. Dkt. 47.

The court begins with the request for court assistance in recruiting counsel. Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

A party requesting court assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the

legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt*, 503 F.3d at 655.

Schworck has met the first requirement because he's proceeding without prepaying the filing fee, and the court will assume for purposes of this order that he's made reasonable efforts to locate an attorney on his own.

As with the initial motion, the third requirement is where Schworck's request falters. Schworck has not shown that the difficulty of this case exceeds his litigation capabilities, despite the limitations that he vaguely describes. Schworck did not respond to Bosben's summary judgment motion, even though the court twice extended the time for him to complete that task. Schworck asserted that he had encountered challenges that prevented him from completing a response, but he has not substantiated that assertion. Schworck's failure to respond to Bosben's motion could be due to an inability to litigate the case, but just as equally could be due to lack of diligence. Lack of diligence does not provide a basis for the court to assist in recruiting counsel.

The court will soon issue an order that provides detailed information about how trial works and how Schworck should prepare. Schworck should review this order carefully and make best efforts to meet the court's deadlines and prepare for trial. Many pro se litigants, including pro se prisoners, try cases in this court despite having little to no knowledge of the law or trial procedure. The trial preparation order gives litigants the information they need. Also, the court notes that Schworck's case is relatively simple, and the facts of the case are those over which Schworck has command.

The court will also hold a final pretrial conference, at which Schworck will be able to discuss trial--related matters with the court. Schworck may renew his motion for court

assistance in recruiting counsel then. If he does, he must identify specific challenges in preparing for trial and substantiate those reports.

Regarding settlement, the court usually does not issue formal orders referring a case for mediation, especially when only one party expresses interest. Schworck is free to ask Bosben if he would like to participate in mediation and, if all the parties agree, they can contact the clerk's office and request that Magistrate Judge Andrew Wiseman conduct a mediation.

ORDER

IT IS ORDERED that plaintiff Yeshua Kahlil-James Schworck's motion for court assistance in recruiting counsel, Dkt. 47, is DENIED without prejudice.

Entered February 18, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge