IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YESHUA KAHLIL-JAMES SCHWORCK,

Plaintiff,

v.

DEPUTY GABRIEL BOSBEN,

Defendant.

PRETRIAL ORDER

24-cv-597-jdp

---

Plaintiff Yeshua Kahlil-James Schworck, proceeding without counsel, alleges that a deputy at the Dane County Jail, defendant Deputy Gabriel Bosben, touched him inappropriately while administering a urine test. Schworck, who is currently incarcerated at Green Bay Correctional Institution, is proceeding on a Fourteenth Amendment conditions-of-confinement claim for damages.

Trial is scheduled for April 13, 2026, at 9:00 a.m. Bosben has filed 11 motions in limine. With one exception discussed below, Schworck did not respond to the motions or submit any other materials in accordance with the trial preparation order. This order rules on Bosben's motions.

ANALYSIS

A. Preliminary matter

On March 6, 2026, Bosben filed his motions in limine and several trial-related materials. Dkts. 51–57. Schworck's responses to those materials were due by March 20, 2026. On March 23, 2026, using his prison's e-filing system, Schworck filed a letter motion in which he attempts to excuse his failure to file trial materials. Dkt. 61. Schworck says that he could not file his trial

materials because he's in segregation and lacks writing materials and his legal papers. Schworck also says that he wrote Bosben's counsel and asked counsel to help him obtain evidence for trial, but that counsel refused this request. Schworck adds that he does not understand most of the court's trial preparation order. I take Schworck to ask the court for more time to submit his trial materials, and to order Bosben to provide the information that he discusses in the motion.

With one exception, I will deny these requests. Schworck submitted the letter motion, and he acknowledges having written Bosben's counsel. These facts show that Schworck had the ability to prepare his trial submissions, despite his stated lack of stationery. Schworck says that he's missing his legal papers, but he discusses the court's trial preparation order in detail in the letter motion. Schworck hasn't shown that his stated lack of legal papers stopped him from complying with the trial preparation order. Schworck faults Bosben's counsel for not helping him obtain evidence for trial, but it was Schworck's responsibility to use the discovery process to obtain the evidence that he needed to prosecute his claim. *See* Dkt. 26 at 7–10. The discovery cutoff was February 27, 2026, *id.* at 7, and Schworck hasn't shown good cause to extend that deadline. Besides, Schworck's description of the information that he seeks from Bosben's counsel indicates that much of the information lacks relevance and would be inadmissible at trial. *See id.* at 1–2. Schworck's statement that he does not understand the trial preparation order is unpersuasive. He asked for permission to present prisoner Jerry L. Ward Jr. as a trial witness and, consistent with that order, he explained why Ward's testimony would be appropriate. *See id.* at 4. The record in this case shows that Schworck can understand court orders and prepare legal submissions when he wants to; his lack of effort doesn't warrant any relief.

As a courtesy, however, I will extend the deadline for Schworck to file an exhibit list and a complete set of all exhibits to be used at trial to April 3, 2026. If Schworck decides to file these materials, due to the timing, he must use his prison's e-filing system. Schworck can find further information on how to file these materials on page eight of the court's trial preparation order, a copy of which he will receive with this order. If Schworck does not submit these materials by the extended deadline, he may forfeit the right to present any exhibits at trial. Bosben's objections to any exhibit list or trial exhibits filed by Schworck are due by April 7, 2026.

To be clear, I will not consider the other trial-related materials that Schworck failed to file by the original deadline. I am extending only the deadline for Schworck to submit an exhibit list and a complete set of trial exhibits.

## B. Bosben's motions in limine

### 1. First motion in limine: insurance

Bosben asks me to exclude evidence of or reference to insurance. Dkt. 57 at 2. This motion is granted. *See* Fed. R. Evid. 411. Schworck may not introduce any evidence of insurance coverage for Bosben or make any direct or indirect reference to insurance during voir dire or trial.

### 2. Second motion in limine: indemnification

Bosben asks me to prohibit Schworck from: (1) introducing any evidence, argument, or reference suggesting that Dane County or any insurer will indemnify Bosben for any judgment in this case; and (2) asking the jury to "send a message" to Dane County or any subdivision. *See* Dkt. 57 at 3. The first request is granted. *See* Fed. R. Evid. 411. The second request is granted because this case does not involve a municipal liability claim against Dane County.

*See Smith v. City of Chicago*, No. 21-cv-1159, 2025 WL 1744919, at *22 (N.D. Ill. June 24, 2025). But I will not preclude Schworck from arguing during closing that the jury should send a message to Bosben or other officers generally by awarding punitive damages against him based on his own misconduct. *See id.*

### 3. Third motion in limine: settlement discussions

Bosben asks me to prohibit Schworck from introducing any evidence or argument related to settlement discussions, negotiations, or offers between the parties. Dkt. 57 at 5. This motion is granted. *See* Fed. R. Evid. 408. Schworck may not introduce any evidence of, or make any argument about or reference to, settlement discussions, negotiations, or offers between the parties.

### 4. Fourth motion in limine: other lawsuits

Bosben asks me to preclude any reference to other claims, lawsuits, or proceedings involving Dane County or its employees. Dkt. 57 at 6. Bosben contends that this evidence would be irrelevant and highly prejudicial because the only question is whether Bosben violated Schworck's Fourteenth Amendment rights during the specific incident at issue, and because it would invite the jury to infer "wrongdoing by association." *See id.*

As a general rule, it would be improper for the jury to base its verdict on evidence of prior incidents between other county employees and prisoners. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. That evidence would lack relevance to the specific facts of the case and run the risk of the jury basing its verdict on irrelevant events. *See Lyons v. Leonhardt*, No. 05-cv-400, 2013 WL 3807996, at *9 (D. Nev. July 19, 2013). Prior bad acts by other officers could be relevant in a case against a municipality based on an unlawful municipal policy or custom, but Schworck is not proceeding on such a claim. This motion is granted. Schworck may not introduce any

4

evidence of, or make any reference to, other claims, lawsuits, or proceedings involving Dane County or its employees.

### 5. Fifth motion in limine: "Golden Rule" arguments

Bosben asks me to preclude Schworck from making arguments intended to appeal to the jury's sympathy or emotion. Dkt. 57 at 7. Specifically, Bosben asks me to preclude Schworck from asking the jurors to put themselves in his position, imagine experiencing the conduct themselves, or considering how much money they would personally pay to avoid the alleged harm.

"An appeal to the jury to imagine itself in the plaintiff's position is impermissible because it encourages the jury to depart from its neutral role." *Spray-Rite Services Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir.1982), *aff'd*, 465 U.S. 752 (1984). "This so-called 'Golden Rule' argument has been universally condemned by the courts." *Id.* This motion is granted to preclude Schworck from making any "golden rule" arguments that would invite the jury to decide the case on the basis of sympathy or emotion.

### 6. Sixth motion in limine: discovery disputes and spoliation

Bosben asks me to preclude Schworck from suggesting that Dane County Jail intentionally destroyed evidence, or from referring to any discovery disputes. Dkt. 57 at 8. The deadline for Schworck to challenge any perceived failure by Bosben to produce discovery has expired. *See* Dkt. 26 at 7–8. Any reference to these matters at trial would be irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. This motion is granted. Schworck may not suggest that Dane County Jail officials intentionally destroyed or withheld evidence, or refer to any discovery disputes between the parties.

### 7. Seventh motion in limine: events before August 16, 2022

Bosben moves the court to preclude Schworck from introducing any evidence or argument about events that occurred the day before August 16, 2022, which is the date on which Bosben is alleged to have touched Schworck inappropriately. Dkt. 57 at 9. Bosben explains that Schworck may attempt to argue that the events that occurred the day before did not justify requiring a urine sample, or that other deputies did not properly conduct the investigation or collection process. *Id.* at 9–10. This evidence, Bosben continues, would risk confusing the jury and inviting it to consider unrelated conduct by other deputies. *Id.* at 10. Bosben also expresses concern that Schworck could try to refer to allegations and claims on which I did not allow him to proceed. *See id.* at 10–11.

I share Bosben's concerns. But excluding *any* reference to events that happened on August 15, 2022, would be overbroad. As set forth in the court's order denying Bosben's motion for summary judgment, *see* Dkt. 45 at 2, some events that occurred on that date may provide relevant background to Schworck's claim. In general, it would be appropriate for a witness to testify about why deputies decided to ask prisoners in Bosben's cellblock to provide urine samples, provided of course that the witness laid the proper foundation for the testimony. Testimony or evidence about why Bosben did not attempt to collect Schworck's urine sample until the next day could also be admissible. But I agree with Bosben that any evidence or argument about allegations and claims on which I did not allow him to proceed would be irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. This motion is granted only in part. More specific objections to any evidence or argument related to events that occurred on August 15 can be addressed at the final pretrial conference.

### 8. Eighth motion in limine: PREA

Bosben asks me to preclude evidence or argument about the Prison Rape Elimination Act (PREA). Dkt. 57 at 12. Bosben contends that any reference to PREA would be irrelevant to Schworck's claim and inflame and prejudice the jury against Bosben. *Id.* This is because, Bosben explains: (1) PREA does not create a private right of action; and (2) hearing the word "rape" in the context of a statute could mislead jurors into believing that Bosben committed a sexual assault. *Id.* at 13.

It's unclear from the record whether Schworck filed a PREA complaint, or what its outcome was if he did. I agree that testimony from Schworck about filing a PREA complaint, in isolation, would lack relevance and risk confusing the issues and misleading the jury. *See* Fed. R. Civ. P. 403. I disagree that the mere mention of the word "rape" in the context of a statute would mislead jurors into believing that Bosben committed a sexual assault. Without an offer of a related PREA report, I cannot definitively rule on Bosben's eighth motion. So ruling is reserved on this motion.

### 9. Ninth motion in limine: mental health diagnoses

Bosben asks me to preclude evidence or argument that Schworck suffered a mental or emotional diagnosis, including anxiety, depression, or post-traumatic stress syndrome (PTSD), based on the events at issue. Dkt. 57 at 13. Bosben notes Schworck's allegation that the incident caused him to suffer PTSD, and he contends that Schworck lacks competence to provide that testimony because he's not a medical expert. *Id.* at 14.

I will grant this motion to preclude Schworck from specifically testifying that Bosben's conduct caused him to suffer PTSD. This is a medical conclusion that would require specialized knowledge that Schworck, a layman, lacks. *See United States v. Hall,* 93 F.3d 1337, 1343 (7th

Cir. 1996). But Schworck is competent to testify that he suffered anxiety or depression following Bosben's alleged inappropriate touching of his private part. "No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations." *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009). Bosben's ninth motion is granted in part.

### 10. Tenth motion in limine: compensatory damages

Bosben asks me to me to: (1) preclude Schworck from seeking compensatory damages; and (2) limit damages to nominal damages of $1 pursuant to 42 U.S.C. § 1997e(e). Dkt. 57 at 14.

Regarding the first request, Bosben contends that Schworck's claims of emotional or mental distress lack evidentiary support. When the plaintiff's testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he may not rely on conclusory statements. *Stevens v. Hous. Auth. of S. Bend, Ind.*, 663 F.3d 300, 308 (7th Cir. 2011). The plaintiff's testimony may, by itself or in conjunction with the circumstances of a given case, be sufficient to establish emotional distress without more evidence. *Id.* The more inherently degrading or humiliating the defendant's action is, the more reasonable it is to infer that a person would suffer humiliation or distress from that action. *Id.* Consequently, testimony from the plaintiff will suffice in some cases to support an award for emotional distress. *Id.*

Here, as noted above, Schworck is competent to testify that Bosben's alleged inappropriate touching of his penis caused him anxiety and depression. Also, a reasonable jury could infer that Bosben's squeezing of Schworck's penis, if proven, was for an illegitimate purpose, such as to humiliate Schworck or to gratify Bosben's sexual desires. In context,

Schworck's testimony about the alleged inappropriate touching could be enough to support an award for emotional distress. The court won't rule before trial that Bosben's claim for emotional distress is unsupported by evidence.

That leaves Bosben's second request—for an order limiting Schworck's potential recovery to nominal damages of $1. Schworck has not alleged, or presented any evidence, that Bosben's alleged inappropriate touching of his penis caused him any physical injury. And the general rule is that in prisoner litigation, a plaintiff may not recover for emotional distress without a showing of physical injury. As provided in § 1997e(e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

Section 1997e(e) applies to compensatory damages only. *Hacker v. Dart*, 62 F.4th 1073, 1078 (7th Cir. 2023).

There's an exception in § 1997e(e) for a "sexual act" committed against the plaintiff. "Sexual act" is defined in 18 U.S.C. § 2246:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

9

§ 2246(2).

None of these definitions fits Bosben's alleged squeezing of Schworck's penis. Subparagraph (D) refers to the intentional touching of a person's genitalia, but it applies only if the victim is under the age of 16. Bosben's alleged conduct probably meets the definition of "sexual contact" in § 2246(3): "the intentional touching . . . of the genitalia . . . of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." But § 1997e(e) does not provide an exception for victims of sexual contact. So § 1997e(e) bars Schworck's claim for compensatory damages based on emotional distress. *Cf. Calhoun v. DeTella*, 319 F.3d 936, 938–40 (7th Cir. 2003). If the jury finds liability, Schworck's compensatory recovery will be limited to nominal damages of $1.

But that does not preclude Schworck from recovering punitive damages, if the jury were to find that Bosben's conduct met the standard for awarding punitive damages. *See Hacker*, 62 F.4th at 1078. Bosben's tenth motion is granted to limit Schworck's compensatory recovery to $1 in nominal damages.

### 11. Eleventh motion in limine: Schworck's criminal history

Bosben asks me to allow him to introduce evidence of Schworck's three prior felony convictions. Dkt. 57 at 19. Bosben contends that this evidence is appropriate to attack Bosben's credibility, especially because this case boils down to his and Schworck's dueling accounts of the incident. Bosben also contends that discussion of Schworck's prior arrests and convictions is appropriate because he testified during his deposition that his anxiety and depression "were particularity heightened during the summer of 2022 as he awaited trial" in the criminal cases that resulted in his three felony convictions. *Id.* at 22. In other words, Bosben contends that Schworck's prior arrests and convictions refute his claim of emotional distress.

10

As a general rule, a felony conviction that is fewer than ten years old must be admitted, subject to Rule 403, in a civil case in which the witness is not a defendant, for the purpose of attacking the witness's character for truthfulness. *See* Fed. R. Evid. 609(a)–(b). Schworck presumably will stipulate that he was convicted of three felonies in the past ten years. *See* Dkt. 56 at 1. In such cases, my general practice has been to allow the defendant to mention to the jury that the plaintiff has been convicted of a certain number of felonies, but to preclude the defendant from discussing the details of the convictions or presenting them as evidence. I see no good reason to depart from that practice here, particularly because Schworck's convictions don't involve a dishonest act or a false statement.

That leaves Bosben's request for permission to discuss Schworck's prior arrests and convictions to refute his claim of emotional distress. Bosben deserves some leeway to argue that Schworck's then-pending criminal charges and ultimate convictions explain his anxiety and depression around the time Bosben is alleged to have squeezed Schworck's penis. But Bosben can make that point without specifying the charges or discussing their details. Bosben's eleventh motion is granted in part.

ORDER

IT IS ORDERED that plaintiff's motions in limine, Dkt. 63, are GRANTED in part and DENIED in part. As a result:

1. Defendant's first motion in limine: insurance is GRANTED.

2. Defendant's second motion in limine: indemnification is GRANTED IN PART.

3. Defendant's third motion in limine: settlement discussions is GRANTED.

4. Defendant's fourth motion in limine: other lawsuits is GRANTED.

11

5. Defendant's fifth motion in limine: "Golden Rule" arguments is GRANTED.

6. Defendant's sixth motion in limine: discovery disputes and spoliation is GRANTED.

7. Defendant's seventh motion in limine: events before August 16, 2022 is GRANTED IN PART.

8. Ruling on defendant's eighth motion in limine: PREA is RESERVED.

9. Defendant's ninth motion in limine: mental health diagnoses is GRANTED IN PART.

10. Defendant's tenth motion in limine: compensatory damages is GRANTED.

11. Defendant's eleventh motion in limine: Schworck's criminal history is GRANTED IN PART.

12. The deadline for plaintiff to file an exhibit list and a complete set of all exhibits to be used at trial is extended to April 3, 2026. If plaintiff files these materials, he must use his prison's e-filing system.

13. Defendant's objections to any exhibit list or complete set of trial exhibits filed by plaintiff are due by April 7, 2026.

14. Counsel for defendant is directed to work with officials at Green Bay Correctional Institution to ensure that plaintiff immediately receives copies of: (1) this order; (2) the court's trial preparation order (Dkt. 49); and (3) the court's trial exhibit form (Dkt. 26, attachment at 15). Counsel is also directed to promptly file notice of completion of this task.

Entered March 30, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge